UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN LEONE CAMERON,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>               Defendant. | NO: 13-CV-0403-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. (ECF Nos. 14 and 16). Plaintiff is represented by Dana C. Madsen. Defendant is represented by L. Jamala Edwards. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    "substantial gainful activity," the Commissioner must find that the claimant is not

2    disabled. 20 C.F.R. § 404.1520(b).

3         If the claimant is not engaged in substantial gainful activities, the analysis

4    proceeds to step two. At this step, the Commissioner considers the severity of the

5    claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from

6    "any impairment or combination of impairments which significantly limits [his or

7    her] physical or mental ability to do basic work activities," the analysis proceeds to

8    step three. 20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy

9    this severity threshold, however, the Commissioner must find that the claimant is

10   not disabled. *Id.*

11        At step three, the Commissioner compares the claimant's impairment to

12   several impairments recognized by the Commissioner to be so severe as to

13   preclude a person from engaging in substantial gainful activity. 20 C.F.R.

14   § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15   enumerated impairments, the Commissioner must find the claimant disabled and

16   award benefits.  20 C.F.R. § 404.1520(d).

17        If the severity of the claimant's impairment does meet or exceed the severity

18   of the enumerated impairments, the Commissioner must pause to assess the

19   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20   defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

1  establish that (1) the claimant is capable of performing other work; and (2) such

2  work "exists in significant numbers in the national economy." 20 C.F.R.

3  § 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

4                                ALJ'S FINDINGS

5          Plaintiff filed an application for disability insurance benefits on September

6  28, 2010, alleging a disability onset date of September 3, 2010. Tr. 74-75.  This

7  application was denied initially and upon reconsideration, and Plaintiff requested a

8  hearing. Tr. 106-108, 111-113, 117-118.    A hearing was held before an

9  Administrative Law Judge on July 25, 2012. Tr. 40-73. The ALJ rendered a

10 decision denying Plaintiff benefits on August 22, 2012. Tr. 20-34.

11         The ALJ found that Plaintiff met the insured status requirements of Title II

12 of the Social Security Act through December 31, 2014. Tr. 22.  At step one, the

13 ALJ found that Plaintiff had not engaged in substantial gainful activity since

14 September 3, 2010. Tr. 22.  At step two, the ALJ found that Plaintiff had severe

15 impairments consisting of heroin addiction, depression, anxiety, hepatitis C,

16 gastroesophageal reflux disease (GERD), chronic neck pain, right foot pain,

17 shoulder pain, arthritis, and MRSA. Tr. 22-25. At step three, the ALJ found that

18 Plaintiff's impairments, including substance use disorder, would meet sections

19 12.04, 12.05, and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1, which

20 would direct a finding of disabled. Tr. 25-26.

However, if substance abuse is a contributing factor material to the determination of disability, the ALJ must then evaluate whether Plaintiff's physical and mental limitations would remain if she stopped abusing drugs. *See* Tr. 22; 20 C.F.R. § 404.1535. During this second look, the ALJ found that if Plaintiff stopped the substance abuse, she would continue to have a severe impairment or combination of impairments at step two. Tr. 26.

At step three, the ALJ found that if Plaintiff stopped the substance abuse, she would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 26-28. The ALJ then determined that if Plaintiff stopped the substance abuse she would have the RFC to:

> perform light work as defined in 20 C.F.R. § 404.1567(b) with the ability to operate motor vehicles or other machinery that requires use of both lower extremities. . . . the ability to carry out very short and simple instructions; carry out detailed instructions; perform activities within a schedule, maintain attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted by them; make simple work-related decisions; and complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. Regarding social interaction abilities, the claimant has the ability to ask simple questions or request assistance; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. The claimant is able to have superficial contact with the public, coworkers, and supervisors. Regarding the claimant's adaptive abilities, she has the ability to respond to changes in work setting; be aware of normal hazards and take appropriate precautions; travel in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    unfamiliar places or use public transportation; and set realistic goals
2    or make plans independently of others.

3    Tr. 28-29.

4    At step four, the ALJ found that Plaintiff would be able to perform past

5    relevant work as a licensing clerk if she stopped the substance abuse because the

6    work does not require the performance of work-related activities precluded by her

7    residual functional capacity. Tr. 32. At this point, the ALJ determined that Plaintiff

8    was not disabled because she had the RFC to do her past relevant work. *Id*. The

9    ALJ then considered the vocational expert's opinion that Plaintiff might need

10   additional supervision considering her RFC. *Id*. The ALJ made an alternative

11   finding at step five and found that there were other jobs that existed in significant

12   numbers in the national economy that Plaintiff can also perform considering her

13   age, education, work experience, and RFC. Tr. 32-34.

14   The ALJ concluded that the substance use disorder was a contributing factor

15   material to the determination of disability because Plaintiff would not have been

16   disabled if she stopped the substance use. Tr. 34. The ALJ found Plaintiff not

17   disabled. *Id*.

18   The Appeals Council denied Plaintiff's request for review on August 22,

19   2012, making the ALJ's decision the Commissioner's final decision for purposes

20   of judicial review. Tr. 1-5; 20 C.F.R. § 404.981.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

ISSUES

From Plaintiff's brief, the Court has gleaned three issues she raises for review:

1. Whether Plaintiff's substance abuse was material to the ALJ's disability determination (ECF No. 14 at 11);

2. Whether the ALJ erred in determining the credibility of Plaintiff's statements regarding the nature and severity of her symptoms (*id*.); and

3. Whether the ALJ properly considered the medical opinions of Jerome Dirkers, M.D., John Arnold, Ph.D., and Kent Layton, Ph.D. (*id*. at 12-13).

DISCUSSION

**A. Materiality of Substance Use**

Plaintiff contends the ALJ erred in determining that substance abuse was material to the disability determination. *Id*. at 11. The entirety of Plaintiff's argument is that "Dr. Arnold's determination that the limitations he determined were without the affects (sic) of substance abuse. (See TR 298)" and "Dr. Dirkers, [] also unequivocally states that the limitations he determined were not caused by alcohol or illicit drugs. (TR 660)."

1    If an ALJ finds Plaintiff disabled and there is medical evidence of her drug

2    addiction or alcoholism, the ALJ must determine whether her drug addiction or

3    alcoholism is a contributing factor material to the determination of disability. *See*

4    20 C.F.R. § 404.1535(a). When there is medical evidence of drug addiction or

5    alcoholism, the key issue the ALJ examines in "determining whether drug

6    addiction or alcoholism is a contributing factor material to the determination of

7    disability is whether [the ALJ] would still find [claimant] disabled if [claimant]

8    stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1). The ALJ evaluates

9    which of the current physical and mental limitations would still remain if Plaintiff

10   stopped using drugs or alcohol and then determines whether any or all of the

11   remaining limitations would be disabling. 20 C.F.R. § 404.1535(b)(2). The ALJ is

12   required to conduct the five-step sequential evaluation a second time to consider

13   whether Plaintiff would still be disabled absent substance abuse. *See Bustamante v.*

14   *Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

15   Here, the ALJ determined that Plaintiff's impairments, including the

16   substance use disorder, met the listings in 20 C.F.R., Part 404, Subpart P,

17   Appendix 1. Tr. 25-26. Thus, the ALJ tentatively found Plaintiff to be disabled at

18   step three of the initial five-step sequential inquiry. Substance abuse was a

19   prominent aspect of her medical record. *See* Tr. 23 (30 years of heroin addiction,

20   muscling heroin, history of drinking a quart of alcohol on a daily basis until

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

January 2010, cocaine use, methamphetamine use, methadone use, oxycontin use, and more). The ALJ cited to a report from Dr. Dirkers that summarized the problems Plaintiff was experiencing while using heroin at a time when she was undergoing chemotherapy, including anxiety and drug addiction.  Tr. 25-26, 563. Plaintiff argues that Dr. Dirkers did not say that her drug abuse was responsible for her anxiety, therefore, she argues that her substance abuse was a secondary issue. ECF No. 17 at 2.  Even if this were true, which Dr. Dirkers did not explain in this fashion, a secondary issue can still be material to a determination of disability. The ALJ noted that Plaintiff claimed she had only just quit all illegal drugs as of February 2012.  Tr. 29

Substantial evidence, indeed overwhelming evidence supports the ALJ's determination that substance abuse was a contributing factor material to the initial determination of disability. Therefore, after completing the initial five-step sequential inquiry, the ALJ appropriately initiated the second five-step inquiry.

**B. Plaintiff's Credibility Regarding Her Symptoms**

Plaintiff alleges that the ALJ erred in determining that her symptoms were not credible. ECF No. 14 at 11.  In Social Security proceedings, the claimant must prove the existence of a physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908, 416.927. A claimant's statements about his or her symptoms alone will not suffice.

20 C.F.R. §§ 416.908, 416.927. The claimant is required "to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain." *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (citation omitted). When the medical evidence is produced, claimant is not required to show "medical findings that support the severity of pain . . . ." *Id*. This rule recognizes that the severity of the claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347.

However, the ALJ may conclude that the claimant's subjective assessment is unreliable, so long as the ALJ makes "a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider at least the following factors: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id*. at 958-59. If the credibility findings "is supported by substantial evidence in the record, [the reviewing court] may not engage in second-guessing." *Id*. at 959. If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing."

1    *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation

2    omitted). The ALJ "must specifically identify the testimony she or he finds not to

3    be credible and must explain what evidence undermines the testimony." *Holohan*

4    *v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

5        Here, the ALJ did not arbitrarily discredit claimant's testimony. The

6    evidentiary record supports the ALJ's finding that Plaintiff's pain complaints

7    appeared to be the means for obtaining drugs. Tr. 30. Plaintiff lied to a medical

8    care provider about not taking Suboxone, which prompted the medical care

9    provider to cancel her pain prescription. Tr. 641. Plaintiff also threatened that she

10   would not leave until she received some medication. *Id*. She eventually left after

11   she was told by the medical care provider that the police would be called. *Id*.

12       The ALJ cited various aspects of the medical records showing diagnosis and

13   treatment inconsistent with Plaintiff allegations and complaints. Tr. 30. Thus, the

14   ALJ did not arbitrarily discredit Plaintiff's testimony. The ALJ was specific, clear,

15   and convincing as to which evidence undermined Plaintiff's symptom allegations.

16   **C. Medical Opinions**

17       There are three types of physicians: "(1) those who treat the claimant

18   (treating physicians); (2) those who examine but do not treat the claimant

19   (examining physicians); and (3) those who neither examine nor treat the claimant

20   [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

*Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (brackets in original) (*quoting Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id*. at 1203, n.2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. (*citing Lester*, 81 F.3d at 830-31). However, the ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1228 (quotation and citation omitted).   An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation and citation omitted).

*1. Dr. Arnold*

Plaintiff argues that the ALJ did not consider significant aspects of the opinion of John Arnold, Ph.D. that his determinations of Plaintiff's limitations were made without the effects of substance abuse.  ECF No. 14 at 12.  The ALJ professed to have given "[s]ome weight" "to the form completed by John Arnold, Ph.D., in October 2010, which indicated that the use of alcohol and/or heroin might increase her mental symptoms [Tr. 298]." Tr. 31.

Dr. Arnold examined Plaintiff once on October 15, 2010, and opined as to her functional limitations "without the effects of DA & A" (drug addiction and alcoholism).  Tr. 298.  Dr. Arnold reviewed no prior records, Tr. 296, performed no cognitive testing, *id*., but recommended a drug addiction and alcoholism assessment be performed, Tr. 300. While Dr. Arnold opined that Plaintiff would have a severe and several marked functional limitations, he also determined that:

> [Claimant] will be able to remember locations and simple work like procedures. She will be able to maintain attention and concentration for limited periods. She will be able to make very simple work related decisions. She will be able to ask simple questions but will not be motivated to ask. She will be able to accept instructions. She will be able to use public transportation.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Tr. 299.  These limitations were incorporated into the ALJ's RFC finding.  Tr. 28-29.  Moreover, the ALJ contrasted her treating physician's assessment, Dr. John Moulton, made 4-days earlier than Dr. Arnold's assessment, finding that Plaintiff was "moderately depressed but still able to attend and respond to questions with a logical flow of ideas.  No significant cognitive impairment was noted and her judgment and insight were adequate for everyday living [Tr. 280]."  Tr. 30.

The ALJ did not err by only giving only some weight to Dr. Arnold's narrowly drawn opinion.

### 2. Dr. Dirkers

Plaintiff argues the ALJ should have given greater weight to Dr. Dirkers' August 10, 2012 disability opinion [Tr. 652-57].  ECF No. 14 at 12.  This opinion, along with other evidence, was not before the ALJ, but rather submitted to the Appeals Council after the ALJ's opinion was issued.  Tr. 651-706.

"[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1451–52 (9th Cir. 1993).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

Here, the Appeals Council considered the new evidence and found it failed to serve as a basis for reversing the ALJ's decision. Tr. 1-2, 4. The Court agrees. Dr. Dirkers' treatment records, Exhibit 25F, were already part of the administrative record before the ALJ.  Tr. 559-66.  Exhibit 29F is merely a reprint of previously submitted records with Dr. Dirkers' added statement that Plaintiff's mental limitations are "not caused by use of alcohol or illicit drugs." Tr. 660.  Causation is not, however, the issue.  The ALJ found that substance abuse exacerbated her mental symptoms.  Tr. 31.  Dr. Dirkers does not address this issue, nor does his tardy mental functional capacity assessment separately identify her mental limitations that would remain if she stopped abusing drugs.  Tr. 652-57; *see* 20 C.F.R. § 404.1535.  Dr. Dirkers' last treated Plaintiff in April 2012, but that was only a matter of weeks after Plaintiff claimed to have stopped using illegal drugs (Tr. 58).  Thus, no error has been shown.

*3. Dr. Layton*

Plaintiff argues that the ALJ erred by giving great weight to the opinion of Dr. Layton, a clinical psychologist, medical expert, when he did not examine her. ECF No. 14 at 13.  Plaintiff complains that Dr. Layton gave an opinion concerning her residual functional capacity.  *Id*.  Plaintiff further argues that Dr. Layton's opinion cannot by itself constitute substantial evidence that justifies rejection of Dr. Dirkers' and Dr. Arnold's opinions.  *Id*.  Plaintiff appears to concede that Dr.

Layton was the only source to have seen all of the medical evidence. *Id.*

A non-examining medical expert's opinion "may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989)).  Here, as explained above, the ALJ did not use Dr. Layton's opinion to reject Dr. Dirkers' and Dr. Arnold's opinions.  His opinion was given great weight in the overall analysis of Plaintiff's alleged disability because it was consistent with the medical record and he was the only physician to have seen all of the medical evidence.  Tr. 30.  Plaintiff does not otherwise identify any aspect of Dr. Layton's opinion that is not supported by substantial evidence in the record.  Thus, no error has been shown.

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 16) is

        **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** March 27, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18